

**135 Crossways Park Drive, Suite 201**
**Woodbury, New York 11797**
**Tel: (516) 681-1100**
**Fax: (516) 681-1101**

July 13, 2012

**VIA ECF**
Hon. Allyne R. Ross
United States District Court-E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Taylor v. U.S. Equities Corp., et. al.
             Case No. 12-cv-1987 (ARR)

Dear Judge Ross:

      We represent the defendants, U.S. Equities, Corp., Linda Strumpf, Esq., and Hal Siegel, in the above-referenced matter. We write to Your Honor to request permission to proceed with a motion to dismiss several claims in the Complaint By way of brief background, Plaintiff seeks recovery under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq. ("FDCPA") and several state law claims. The Complaint arises from the fact that the defendants commenced four debt collection lawsuits against the Plaintiff seeking to recover on an unpaid credit card debt.

      The first debt collection lawsuit relied upon by Plaintiff is *U.S. Equities v. Taylor*, Index No. CV-12330-09, commenced in New York County Civil Court ("NY Case #1). As Plaintiff concedes in her Complaint, that action was commenced on or about March 12, 2009 and the last activity from that action that Plaintiff can point to is the Civil Court clerk's rejection of a proposed judgment in September 2009.[1] Complaint, ¶30. The second debt collection lawsuit relied upon by Plaintiff in her Complaint is U.S. Equities v. Taylor, Index No. 2773-09, commenced in the Yonkers City Court ("Westchester Case"). As Plaintiff acknowledges in her complaint, the Westchester Case was commenced on or about June 26, 2009. Complaint, ¶32. Defendants secured a default judgment against Plaintiff in the Westchester Action on or about December 9, 2009. Plaintiff alleges that she became aware of the default judgment sometime prior to October 27, 2010 and also learned that her wages had been garnished by her employer no later than January 3, 2011. Complaint, ¶¶36-37. Defendants voluntarily vacated the default judgment against Plaintiff in the Westchester Case on January 6, 2011. Complaint, ¶39.

      Based upon the address provided to defendants by Plaintiff's employer, Defendants commenced the third debt collection lawsuit, *U.S. Equities v. Taylor*, Index No. CV-007801-11, in Queens County Civil Court ("Queens Case"), on or about January 26, 2011. Complaint, ¶40.[2]

---

[1]     The rejection from the Civil Court clerk was based upon Defendants' inadvertent submission of a proposed judgment from the Yonkers Case (discussed below) to the clerk in New York Civil resulting in the rejection because the "ADDRESS ON JUDGMENT DOES NOT CORRESPOND TO SUMMONS AND COMPLAINT NOR AFFIDAVIT OF SERVICE." *See* Exhibit 1 to Plaintiff's Complaint.

[2]     Plaintiff's employer incorrectly listed her home address in response to an Information Subpoena.

When defendants were unable to serve Plaintiff at the address provided by her employer, they commenced a fourth action entitled, *U.S. Equities Corp. v. Taylor*, 018304-11-NY in New York Civil Court, ("NY Case #2") based on a Manhattan address plaintiff had listed with the NYS DMV[3] on or about April 25, 2011. As the defendants were unable to serve her at the Manhattan address and thereafter discovered Plaintiff's correct address in Queens, NY Case #2 was abandoned. Plaintiff was served with the complaint in the Queens Case and defendants moved for a default judgment when she failed to respond.[4] On November 14, 2011, the Queens County Civil Clerk entered the default judgment against a "Nicole Tyler" in the Queens Case. Complaint, ¶50. Plaintiff filed a motion to vacate the default judgment in the Queens Case and it was granted on January 18, 2012. Complaint, ¶64.

Defendants seek permission to file a motion to dismiss several claims in the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Initially, the FDCPA provides that any action brought under that statute must be commenced "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k. In the case at bar, the Complaint is replete with allegations concerning claims arising well over a year prior to the date of filing -- April 24, 2012. All of Plaintiff's FDCPA claims arising from the NY Case #1 and the Westchester Case (including any purported damages from the garnishment of her wages – Complaint, ¶¶73-80) are time-barred.

Several of Plaintiff's FDCPA claims are based upon a claim that the defendants attempted to mislead the courts in the underlying law suits. *See e.g.* Complaint, ¶¶30, 42, 43, 47, 58. As Plaintiff herself cannot assert that she was deceived by any of these documents (as she claims she had no idea that the proceedings were even in existence), her claims under the FDCPA would be subject to dismissal. *See O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 944 (7th Cir. 2011).

Plaintiff's second cause of action, under NY General Business Law §349 is also subject to dismissal. The defendants are not engaged in consumer-oriented conduct sufficient to trigger liability under GBL §349. Plaintiff's claims all arise from adversarial conduct in the context of a contested debt collection lawsuit. Since Plaintiff cannot demonstrate that defendants' prosecution of debt collection lawsuits against the Plaintiff was a "consumer-orientated" act or that defendants affirmatively sought transactions with consumers, they cannot maintain a claim under GBL §349. *See, e.g., Hayrioglu v. Granite Capital Funding, LLC,* 794 F. Supp.2d 405, 410 (E.D.N.Y. 2011); *Small v Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55 (1999); *M&T Bank Corp. v. Gemstone CDO VII, Ltd.*, 881 N.Y.S.2d 364 (Sup. Ct. Erie Co. Apr. 7, 2009). "§349 liability attaches primarily where a party's misrepresentations are boiler-plate and have the potential to be repeated in order to deceive numerous similarly situated buyers. . . ." *Exxonmobil Inter-America, Inc. v. Advanced Info. Eng'g Servs., Inc.*, 328 F. Supp. 2d 443, 448 (S.D.N.Y. 2004). Defendants' alleged conduct at issue was particular to Plaintiff's unique facts and the existence of a threat to the general consuming public is not alleged. In addition, conduct by a party in the course of litigation is not consumer-oriented activity within the ambit of GBL §349. *See e.g. DirecTV, Inc. v. Rowland*, 2005 WL 189722 (W.D.N.Y. Jan. 22, 2005). Finally, Plaintiff has failed to allege "actual pecuniary harm," an essential element of a claim under GBL §349 claim.

---

[3] The FDCPA requires that debtors be sued in the judicial district where they reside or where the debt was incurred. 15 U.S.C. §1692i(a)(2).

[4] Although Plaintiff disputes whether she was served with the complaint, since April 1, 2008 the clerks of the NYC Civil Courts provide supplemental notice to all defendants before a default is entered. *See* 22 N.Y.C.R.R. 208.6(h). Plaintiff's complaint is silent as to why she did not respond to the clerk's notification.

Plaintiff's third cause of action, under New York Judiciary Law §487, is also subject to dismissal. First, U.S. Equities Corp. is not an attorney and, thus, not subject to Judiciary Law §487. Moreover, even taking Plaintiff's allegations concerning Ms. Strumpf's attempt to collect a debt from Plaintiff as true, she has not plead a "chronic, extreme pattern of legal delinquency" sufficient to sustain a Judiciary Law claim. See *Olshansky v. Sutton*, 2001 U.S. Dist. LEXIS 945, at *12-13 (S.D.N.Y. Feb. 7, 2001); *Solow Mgmt. Corp. v. Seltzer*, 18 A.D.3d 399, 400 (1st Dep't 2005).

Plaintiff's fourth cause of action for abuse of process is also subject to dismissal. First, abuse of process claims are subject to a one year statute of limitations. See N.Y. CPLR §215(3). Thus, like the FDCPA claims discussed above, any claim arising out of conduct arising more than a year prior to the filing of this action are subject to dismissal. Where process is used for the purpose for which it was intended, a cause of action to recover damages for abuse of process does not lie. See *Curiano v Suozzi*, 63 N.Y.2d 113, 117 (1984).

Plaintiff's fifth cause of action for libel is also subject to a one year statute of limitations. In this cause of action, any alleged damage to Plaintiff's reputation at her place of employment as a result of the income execution served on her employer prior to January 2011 is time barred. See N.Y. CPLR 215(3) and Complaint, ¶¶135-137. Libel is also required to be plead with specificity which Plaintiff clearly has not done. N.Y. CPLR 3016(a) requires that the particular words complained of be set forth in the complaint. The complaint also must allege the time, place and manner of the false statement and specify to whom it was made. See *Epifani v. Johnson*, 65 A.D.3d 224 (2d Dep't 2009). Finally, even if the Court did find that the libel claim was sufficiently plead, any such libelous statement would have arisen out of legal proceedings and thus be absolutely privileged. See *Mosesson v. Jacob D. Fuchsberg Law Firm*, 257 A.D.2d 381 (1st Dep't 1999).

Plaintiff's sixth cause of action for trespass to chattel is also subject to dismissal. With respect to the cause of action for trespass to chattel, the four essential elements are (1) intent, (2) physical interference with (3) possession (4) resulting in harm. *Sweeney v. Bruckner Plaza Assoc. LP*, 21 Misc. 3d 1129A (N.Y. Sup. Ct. 2004). A trespass to chattels is defined as an intentional use or "intermeddling with a chattel in the possession of another" where "the chattel is impaired as to its condition, quality, or value." *Gary Friedrich Enters., LLC v. Marvel Enters.*, 713 F. Supp. 2d 215, 230 (S.D.N.Y. 2009). There is no allegation in the Complaint of physical possession or impairment of plaintiff's chattel as to "its condition, quality or value."

Plaintiff's seventh cause of action seeks to recover for intentional infliction of emotional distress. Such a claim is also subject to a one year statute of limitations. See CPLR 215(3). Thus, conduct pre-dating the filing date of the complaint by more than one year is time-barred. Moreover, to allege a claim, the conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 121 (1993); *Rogin v. Rogin*, 2011 NY Slip Op 9006 at *1 (1st Dep't Dec. 11, 2011).

Lastly, plaintiff's request for punitive damages should be stricken as the Complaint fails to allege the requisite "egregious tortious conduct by which . . . she was aggrieved, [and] also that such conduct was part of a pattern of similar conduct directed at the public generally." See *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 (1994).

Very truly yours,

                                          Kaufman Dolowich Voluck & Gonzo LLP

                                          By: _____
                                                  Brett A. Scher

cc:    Jesse Langel, Esq. (via ECF)

ND: 4829-6606-2096, v. 1